(*Circuit Court of Cook County. In Chancery.*)

## Public Grain & Stock Exchange

### vs.

## Western Union Telegraph Company.

1. EQUITY PRACTICE—MATTER OF DEFENSE ARISING AFTER ISSUE JOINED—HOW RAISED. A new defense arising after issue joined upon answer filed should be brought before the court by means of a cross-bill in the nature of a plea *puis darrein continuance.*

2. SAME. There are cases, however, where the new matter has been permitted to be brought in by supplemental answer.

3. SAME—WHEN IMMATERIAL HOW DEFENSE PRESENTED. In many cases it would be immaterial whether new matter is brought before the court by supplemental answer or cross-bill, as for instance, where a release has been obtained after answer filed and the only question raised is as to the fact of execution.

4. SAME—NEW MATTER ARISING AFTER ISSUANCE OF INJUNCTION WHICH WOULD CAUSE DISSOLUTION OF SAME CAN ONLY BE RAISED BY CROSS-BILL. Where an answer has been filed, issue joined and a motion to dissolve an injunction based upon such answer has been overruled, it would not be correct practice to permit a defendant to come in and set up new matter by means of a supplemental answer, where such new matter would defeat or avoid the injunction. The proper practice is to file a cross-bill.

5. PUBLIC-SERVICE CORPORATIONS—RIGHT OF TELEGRAPH COMPANY TO DISCRIMINATE IN DISTRIBUTION OF BOARD OF TRADE QUOTATIONS—COLLUSION WITH BOARD OF TRADE—PARTIES. Complainant filed its bill to enjoin the defendant from removing certain "tickers" from its place of business and from discriminating against it in furnishing board of trade market quotations gathered by the telegraph company on the floor of the board of trade. An injunction was issued, an answer filed and a motion to dissolve based on such answer, overruled. The telegraph company thereafter filed a supplemental answer to the effect that it was only able to gather the quotations on the floor of the board of trade with the consent of the directors of such board, that such directors had forbidden the defendant to supply the quotations to "bucket shops" and that complainant carried on such a shop. The evidence as to complainant carrying on a bucket shop was not sufficient to establish that fact. Held that the defendant could not set up such new matter in a supplemental answer where there is no allegation that there has been no collusion between the telegraph company and the board of trade, and unless the board of trade was made a party to the proceeding.

6. Parties—Who Are Necessary in Bill to Compel Telegraph Company to Furnish Complainant With Market Quotations of Board of Trade. Where a bill is filed to compel a telegraph company to furnish market quotations of the board of trade, gathered by the telegraph company on the floor of such board, and it is averred that the board of trade claims such quotations as its private property and has forbidden the telegraph company to furnish the same to complainant, such board has a direct interest in the litigation and is therefore a necessary party to the suit.

7. Supplemental Answer—Bringing in New Parties by. No person can be brought into a case by supplemental answer. It must be done by cross-bill.

Motion of complainant to strike supplemental answer from files and motion of defendant to dissolve or modify the injunction. Heard before Judge Murray F. Tuley.

For statement of facts see prior decision in same case, 1 Ill. C. C. 548, *supra*.

Tuley, J.:—

Whether or not the complainant is engaged in the business of running a bucket shop is not now before the court. The questions now to be passed upon arise upon the following state of the pleadings:

The complainant filed its bill to enjoin the Western Union Telegraph Company from removing certain telegraphic instruments and "tickers" from its place of business which the telegraph company had placed there in carrying on the business of furnishing the dispatches to all members of the public who were willing to pay its customary charges therefor.

The telegraph company answered the bill, claiming that it was under no legal obligation not to discriminate as to the persons to whom it should furnish these commercial news dispatches and market quotations of the Chicago board of trade and other centres of exchange, and that it was only able to gather the quotations and commercial news of the Chicago board of trade on the floor of the board by the sufferance of its board of directors, and subject to such conditions as the directors might impose; that the directors had forbidden the

telegraph company to send these news dispatches and quotations to "bucket shops;" that the complainant carried on such a shop and fell within the prohibition.

Upon a motion to dissolve the injunction which had been granted against the telegraph company, this court held, in substance, that the evidence submitted by the telegraph company—one affidavit, I believe,—was insufficient as against the numerous affidavits of complainant to show that complainants carried on a bucket shop. That the telegraph company had no power to discriminate as against complainant in the delivery of these quotations and commercial news, and that so long as the telegraph company continued in the business of gathering and delivering such news dispatches and quotations, it was bound to furnish the same to complainant upon the same terms and in the same manner that it did to other persons.

The motion to dissolve the injunction was overruled. Some months thereafter, the telegraph company, upon petition filed, prayed leave to file a supplemental answer. The leave was granted without argument upon a stipulation of the parties, that upon a motion to strike the same from the files, the same questions might be presented as could have been upon the petition for leave to file the same.

The complainant now moves to strike the supplemental answer from the files, and the telegraph company moves that the injunction be dissolved or modified. The substance of the supplemental answer is, that after the court overruled the motion to dissolve the injunction, the Chicago board of trade notified the telegraph company that it would no longer be permitted to gather the market quotations and news upon the floor of the board; that the board itself would gather and control the same, but that an arrangement might be made concerning the gathering and distributing such news and quotations.

That thereupon a certain agreement was made between the board of trade and the telegraph company on the 23d of April, 1884, which was in substance: That the board was to gather by its own agents these market quotations and deliver the

same to the telegraph company, and the company to send the
same as private dispatches only to such approved correspond-
ents as the board of trade (or its committee) might designate
from time to time, and to such persons as the telegraph com-
pany might contract with, subject to the approval of the
board; the telegraph company to collect from the parties re-
ceiving the same, in addition to the charges for telegraphing,
an amount sufficient to pay the expense of gathering such dis-
patches, and out of such collections to pay the board of trade
one thousand dollars per month, retaining the balance, if any,
in its own hands, the board of trade to have the right to cut
off any person from receiving such quotations and news at
any time with or without cause, and with or without notice.
The agreement could be terminated upon thirty days' notice.

The first question which arises is one of chancery practice,
and is, whether or not new matter arising after issue joined
upon answer filed and after overruling a motion to dissolve an
injunction based upon such answer, can be brought before the
court by means of a supplemental answer?

The complainant contends that such new matter can only be
brought into the pleadings by means of a cross-bill in the
nature of a plea *puis darrien continuance,* while the telegraph
company contends that it may be done by a supplemental an-
swer.

That a new defense arising after issue joined upon answer
filed should be brought before the court by means of a cross-
bill in the nature of a plea *puis darrien,* is laid down as the
correct practice in Mitford, Equity Pleadings, p. 72; Lubes,
Equity, p. 309; Story, Equity Pleadings, sec. 393; Adams,
Equity, p. 402; *Taylor v. Titus,* 2 Edward's Chancery, 135.
Numerous cases are cited by the authors named to sustain the
text.

To sustain the position of the defendant, *Anonymous,* Hop-
kins' Chancery, 30, *Stamps v. Birmingham* and *Stour Valley
Ry. Co.,* 2 Phillips Chancery, 673; *Southall v. The British Mu-
tual Life Assurance Society,* 38 Law J. Ch. 711, and other cases
are cited, as showing that new matter has been permitted to
be brought in by supplemental answer.

I am of the opinion that in many cases it would be immaterial whether the new matter was brought before the court by supplemental answer or by cross-bill, as for instance, where a release had been obtained after answer filed and the only question made should be upon the fact of its having been executed. But where an answer has been filed, issue joined and a motion to dissolve an injunction based upon such answer has been overruled, it would not be correct practice to permit a defendant to come in and set up new matter of this kind by means of a supplemental answer for the reason, first, because neither the petition filed nor the supplemental answer itself contains any averment that there has been no collusion between the telegraph company and the board of trade, as to the new matter set out, for the purpose of defeating or avoiding the injunction pending in this case. I know of no way that the complainant can make an issue of that kind upon new matter set forth in a supplemental answer. Special replications are no longer used or permitted; second: It would not be correct practice because the new matter set up shows that the board of trade, claiming to own the quotations and news as private property, has a direct interest in the questions raised by the supplemental answer and is therefore a necessary party. No person can be brought into a case by way of supplemental answer, but by a cross-bill it may be done.

The board of trade is not a party to this litigation. It is not bound by any order or decree made or to be made herein. It would be manifestly improper for me to pass upon the grave questions presented by this answer and in which it has such a great interest without the board being first made a party to this litigation.

The motion to strike the supplemental answer from the files will be sustained. The motion to dissolve the injunction necessarily fails and will be overruled unless defendant wishes to withdraw the same.